## CIRCUIT COURT OF LOUDOUN COUNTY

S. J. Harris

v.

Claude E. Moore et al.

### Case No. (Chancery) 11703

By JUDGE JAMES H. CHAMBLIN

January 10, 1990

On January 5, 1990, counsel argued Harris's motion for entry of a decree deeming his response to Moore's second request for admissions as being timely filed. The responses were due under Rule 4:11(a) on or before September 29, 1989. The response was served upon Moore's counsel in early November, 1989.

After a review of the pleadings and other papers in the court file and consideration of the argument of counsel, the motion is denied.

The subject request for admissions only contained three requests. No request was over four lines long. The requests are not complex and, on their face, appear to be simple matters for a response by Harris. The responses filed do not indicate that they would have taken more than twenty-one days to formulate. This litigation has been pending for quite some time. There is nothing to indicate that Mr. Cerick had difficulty in contacting Mr. Harris to prepare the responses.

I do not feel that it is a significant excuse that Mr. Cerick was helping other defendants respond to discovery propounded by Moore. Harris brought this suit, and the Rules are to be followed. Further, I do not feel that this case is unduly complex. Finally, I cannot construe

Mr. Donnelly's letter of October 10, 1989, to Mr. Cerick as an indication or an agreement to extend the time for responding.

Copies of the aforesaid responses and letter of Mr. Donnelly are made a part of the record herein. Mr. Cerick's copy of the responses and the original of Mr. Donnelly's letter are returned herewith to Mr. Cerick.

Let Mr. Donnelly prepare a decree consistent herewith which shall include a provision that the matters are admitted as required by Rule 4:12(a).

### July 12, 1990

On June 6, 1990, this Court heard evidence in this case on the issues of liability. After the complainant, S. J. Harris, rested his case, the Court granted the Motion to Strike of the defendant, Claude E. Moore, M. D., for reasons stated from the bench. Dr. Moore thereupon nonsuited the cross-defendants still before the Court on his Cross-Bill. However, Dr. Moore still pursued and presented evidence as to his Cross-Bill against Mr. Harris on the theory of trespass. As a part of his case, Dr. Moore moved the Court to view the "603 Property." This motion was filed on May 30, 1990, and the Court reserved a decision thereon until all the evidence had been presented at trial on June 6, 1990.

For the reasons hereinafter set forth, judgment will be entered in favor of Mr. Harris on Dr. Moore's Cross-Bill, and the motion to view the 603 Property is denied.

The basic point of the ruling on the motion to strike at trial was that the written agreement dated May 10, 1988, (Plaintiff's Exhibit No. 4) gave Mr. Harris a mere naked right "to dump and fill" on two parcels of land owned by Dr. Moore in Loudoun County. There is no term set forth in the agreement; therefore, Dr. Moore could revoke the right at his will. Dr. Moore did revoke the right some time in the summer of 1988 when Mr. Harris came to Dr. Moore to ask him to sign the application for a grading permit from Loudoun County. Mr. Harris's own testimony was that Dr. Moore told him that securing the permit was left entirely to Mr. Harris.

A trespass is an entry on the premises of another without any right, lawful authority, or an express or implied visitation. *Hampton Roads Sanitation District v. McDonnell*, 234 Va. 235 (1987); *Raven Red Ash Coal Co. v. Ball*, 185 Va. 534 (1946). Up until Dr. Moore revoked the right, Mr. Harris and others at his direction had a right to go on Dr. Moore's "603 Property" to dump and fill. I feel it is reasonable to interpret "dump and fill" to include the dumping of dirt and rock. However, there is presently on the property other materials such as large pieces of concrete, tires, and pieces of sheet metal from old automobiles. There was no evidence that Mr. Harris or any of the other haulers who dumped on Dr. Moore's "603 Property" dumped anything other than dirt and rock.

I do not accept Dr. Moore's argument that Mr. Harris should be considered a tenant or a bailee, and, accordingly, have a duty to restore the property to its original condition. The evidence does not support a finding of a landlord-tenant relationship or a bailment. Further, in any event, the very nature of the agreement precludes any reasonable interpretation that the parties would have expected that the property be restored to its original condition at the termination of the agreement.

As to the property on Route 861, Mr. Harris's testimony that the dumping of asphalt thereon was proper for road use was not refuted. He needed the asphalt in the road to make it passable to get to other parts of the property he intended to utilize for dumping. By the time of trial, the asphalt had been removed, but there was no evidence of how much or who removed it.

Because a landlord-tenant relationship and a bailment are found not to exist, there is no reason for the Court to view the property.